UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-11248-RGS

JOSEPH REID

v.

UBER Inc.

MEMORANDUM AND ORDER

September 26, 2018

STEARNS, D.J.

Joseph Reid brings this action against UBER Inc. (Uber) in which he alleges that: (1) he was fired as a driver for Uber without just cause; and (2) Uber denied him payment for services performed. For the reasons stated below, the court orders that this action be dismissed without prejudice for lack of subject matter jurisdiction.

I. BACKGROUND

On June 14, 2018, Reid filed a *pro se* civil complaint (Dkt. #1) against Uber, claiming that the company had wrongfully fired him, withheld money due to him, and retaliated against him. In a memorandum and order dated August 22, 2018 (Dkt. #5), the court granted Reid's motion for leave to proceed *in forma pauperis* and conducted a preliminary review of the

complaint pursuant to 28 U.S.C. § 1915(e)(2). The court concluded that Reid had failed to state a claim upon which relief could be granted because his complaint did not meet the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. The court directed him to file an amended complaint.

On September 20, 2018, Reid timely filed his amended complaint. Dkt. #6. While the pleading is not a model of clarity, the court can discern therefrom some key factual allegations. On or about March 15, 2014, Uber terminated Reid's employment without warning or just cause. At that time, Reid had been earning approximately $150/day or $700/week driving for Uber. Uber also owed Reid $420.00 for work that he had already performed, a debt that Uber has never satisfied. Soon after the termination, Reid contacted Uber in writing and by phone concerning the situation, but he never received a written response and he was not permitted to speak to a "boss" at Uber by telephone. Reid also refers vaguely to "retaliation," but he does not flesh out the conclusory allegation.

## II. SUBJECT MATTER JURISDICTION

Federal district courts have original jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are citizens of different states and the amount in

controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"). Where a district court has original jurisdiction under § 1331 or § 1332, it may have supplemental jurisdiction over claims that "form part of the same case or controversy" as the claims on which the court's original jurisdiction is predicated. 28 U.S.C. § 1367(a)-(c). A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction, *see McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). Upon review of the amended complaint, the court concludes that Reid has failed to state a claim over which the court has original subject matter jurisdiction.

### A. Federal Question Subject Matter Jurisdiction

Reid does not identify, nor can the court discern, a federal law giving rise to his claims.

Assuming, but not concluding, that Reid was an employee of Uber (rather than an independent contractor),[1] he has not stated a claim under

---

[1] The employment status of Uber drivers has been the subject of much litigation. While Uber maintains that the drivers are independent contractors, Uber drivers have had some success in arguing that they are employees. *See, e.g. Malden Transp., Inc. v. Uber Techs., Inc.*, 286 F. Supp. 3d 264, 281 (D. Mass. 2017) (concluding that, for purposes of a motion to dismiss, plaintiffs had adequately pled that Uber drivers are employees; citing three other decisions with similar conclusions); *cf.*

3

federal law for wrongful termination of employment. Federal law prohibits an employer from firing an employee based on the employee's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). In some circumstances, federal law also prohibits an employer from firing an employee based on the employee's age or disability. *See* 29 U.S.C. § 623(a); 42 U.S.C. § 12112(a). It is also unlawful under federal law for an employer to fire an employee because the employee has opposed illegal discrimination by the employer. *See* 29 U.S.C. § 623(d); 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 12203.

Although Reid alleges that Uber treated him unfairly, he has not alleged any facts from which the Court may reasonably infer that the termination of his employment violated federal law. He does not suggest that Uber terminated his employment based on his race, color, religion, sex, national origin, age, or disability, or because he opposed discriminatory practices by his employer.

---

*Philadelphia Taxi Ass'n, Inc. v. Uber Techs., Inc.,* 886 F.3d 332, 337 n.2 (3d Cir. 2018) (recognizing that "whether [Uber] drivers can be classified as employees or independent contractors is the subject of ongoing litigation"). Even if the court considers Reid to be an independent contractor rather than an employee, he has not stated a claim arising under federal law.

## B. Diversity Subject Matter Jurisdiction

Subject matter jurisdiction exists under § 1332 when the plaintiff and the defendant are "citizens" of different states and the amount in controversy exceeds $75,000. "For purposes of diversity, a person is a citizen of the state in which he is domiciled," or, in other words, where he has his "true, fixed home and principal establishment." *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008) (quoting in part *Rodríguez-Díaz v. Sierra-Martínez*, 853 F.2d 1027, 1029 (1st Cir. 1988) (internal quotation marks omitted)). A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Here, it appears that the parties are of diverse citizenship. Reid provides an address for himself in Randolph, Massachusetts, and the court presumes that he is a citizen of Massachusetts. Reid represents that Uber has a place of business in Boston, Massachusetts, but it appears that, for purposes of § 1332, Uber is a citizen of Delaware and California. *See, e.g.*, *Boston Cab Dispatch, Inc. v. Uber Techs., Inc.*, C.A. No. 13-10769-NMG, Dkt. #1 (D. Mass. Apr. 3, 2013 D. Mass.) (notice of removal filed by Uber, indicating it was incorporated under the laws of Delaware and that its principal place of business is in California).

Notwithstanding the probable existence of diversity of citizenship, jurisdiction does not exist under § 1332 because the amount in controversy for any viable state law claim exceeds $75,000. Although Reid seeks damages in excess of $75,000 for his wrongful termination,[2] he has not set forth alleged facts that would support a wrongful termination claim under Massachusetts law. Similar to federal law, Massachusetts law prohibits an employer from firing or otherwise discriminating against an employee on the basis of the employee's race, color, religion, sex, age, disability, or because the employee has opposed illegal discrimination by the employer. *See* M.G.L. ch. 151B, §4. Yet, as noted above, Reid has failed to alleged facts suggesting that Uber's conduct was discriminatory.

Further, in Massachusetts, absent an employment agreement providing otherwise, employment is presumed to be "at will," meaning that, subject to laws prohibiting discrimination, an employee can be discharged at any time, *see, e.g.*, *White v. Blue Cross & Blue Shield of Mass., Inc.*, 442 Mass. 64, 70 (2004) (employer was "well within its rights" to give at-will employee "any reason, a false reason, or no reason at all for his

---

[2] The court presumes that, from a pleading perspective, the amount in controversy for the wrongful termination claim would exceed $75,000. Reid seeks compensatory damages for two or three years of lost wages because of the allegedly wrongful termination, and he claims he earned $150/day or $700/week driving for Uber.

termination"), or quit his employment at any time.  Reid has not made any allegations suggesting that the presumption of "at will" employment is inapplicable to his former employment with Uber.  Thus, while Reid's termination without just cause or a warning violates his sense of fairness, it does not give rise to a cause of action.

Reid has arguably stated a claim that, under Massachusetts law, Uber owes him $420.00 for services her performed prior to his termination.  Nonetheless, the court does not have original subject matter jurisdiction over such claim because the amount in controversy does not exceed $75,000.

## III. CONCLUSION

In the absence of subject matter jurisdiction over this case, this court—a *federal* court—must dismiss the action.  However, the dismissal does not preclude Reid from pursuing any state law claims in the appropriate *state* court.[3]

Accordingly, this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

---

[3] As a courtesy, the court directs Reid's attention to an internet site that might be a helpful guide to bringing a civil case in a Massachusetts trial court.  *See* https://www.mass.gov/handbook/representing-yourself-in-a-civil-case (last visited Sept. 26, 2018).  This internet site is not associated with the Federal Judiciary, and the court's reference to this webpage is neither an endorsement of its content nor a suggestion that Reid should pursue relief in a state court.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE